IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNA CALARCO, on behalf of herself and similarly situated employees, | : CIVIL ACTION : : ELECTRONICALLY FILED ON |
| Plaintiff, | : MARCH 14, 2013 : |
| v. | : JURY TRIAL DEMANDED : |
| HEALTHCARE SERVICES GROUP, INC., | : : |
| Defendant. | : |

## COMPLAINT – COLLECTIVE ACTION

Plaintiff Donna Calarco ("Plaintiff"), on behalf of herself and similarly situated employees, brings this collective action lawsuit against Defendant Healthcare Services Group, Inc. ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*

## JURISDICTION AND VENUE

1. Jurisdiction is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction over Plaintiff's PMWA claim pursuant to 28 U.S.C. § 1367.

3. Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff is an individual residing in Wilkes-Barre, Pennsylvania.

5. Plaintiff is an employee covered by the FLSA and the PMWA.

6. Defendant is a Pennsylvania corporation maintaining a principal place of business in Bensalem, Pennsylvania.

7. Defendant is an employer covered by the FLSA and the PMWA.

## FACTS

8. Defendant is in the business of, *inter alia*, providing housekeeping and laundry services to long-term care and other healthcare facilities owned by Defendant's customers. Upon information and belief, at least 250 of these facilities are located in Pennsylvania.

9. Defendant employs Account Managers, who are assigned to the Defendant's customers' various facilities.

10. Defendant pays Account Managers on a salaried basis.

11. Defendant classifies Account Managers as exempt from the overtime pay mandates of the FLSA and the PMWA.

12. Notwithstanding their "managerial" job title, Account Managers' primary duty is the performance of housekeeping, cleaning and laundry tasks, and Account Managers are expected to spend the great

majority of their work hours performing such tasks. In fact, Defendant has distributed a standardized job description requiring that "[t]he Account Manager must be able to perform the job assignments of the Light Housekeeper, Heavy Housekeeper and Laundry Worker" and "[s]tands, walks, and bends most of the day."

13. Account Managers regularly work over 40 hours per week. On such occasions, Account Managers receive no compensation for their overtime work.

14. Defendant has employed Plaintiff as an Account Manager since approximately July 2007.

15. Plaintiff currently is assigned to a Golden Living Center nursing home facility in Wilkes-Barre, PA.

16. Like other Account Managers, Plaintiff's primary duty is the performance of housekeeping, cleaning, and laundry tasks, and she spends over 90% of her work hours performing such tasks.

17. Plaintiff, like other Account Managers, is paid a salary, classified as overtime-exempt, and regularly required to work over 40 hours per week. In fact, Plaintiff (in the absence of discovery) estimates that, during a typical week, she works approximately 45-50 hours. Occasionally, Plaintiff works up to 60 hours.

18.     Plaintiff, like other Account Managers, receives no compensation for her overtime work.

19.     Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions by failing to pay Plaintiff and other Account Managers any compensation for hours worked over 40 per week.

## COLLECTIVE ACTION ALLEGATIONS

20.     Plaintiff brings her FLSA claim as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all Account Managers (or other salaried, overtime-exempt employees performing the same duties as Account Managers) employed by Defendant or any of its related entities in Pennsylvania during any workweek since March 14, 2010.

21.     Plaintiff seeks to pursue her legal claims on behalf of herself and any other individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).[1]

22.     Plaintiff and other members of the collective are "similarly situated," as that term is defined in 29 U.S.C. § 216(b) and the related decisional law, because they are subjected to the common practices

---

[1] Plaintiff does **not** pursue her PMWA claim as an opt-out class action pursuant to Federal Rule of Civil Procedure 23.  However, individuals who affirmatively opt-in to this lawsuit pursuant to 29 U.S.C. § 216(b) are permitted to pursue the PMWA claim as well as the FLSA claim.  *See, e.g.*, *O'Brien v. Ed Donnelly Enterprises, Inc.*, 573 F.3d. 567, 580 (6th Cir. 2008).

summarized in this complaint and because resolution of this lawsuit requires inquiry into many common facts (including, *inter alia*, facts pertaining to Defendant's common compensation, timekeeping, and payroll practices) and common legal issues. In fact, on October 17, 2012, the United States District Court for the Western District of Tennessee, conditionally certified an FLSA collective of Account Managers employed by Defendant in Tennessee. *See Copen v. Healthcare Services Group, Inc.*, 2:11-cv-02623-JTF (W.D. Tenn.) at Doc. 32.

## COUNT I
**(Alleging Violations of the FLSA)**

23. All previous paragraphs are incorporated as though fully set forth herein.

24. Plaintiff and other members of the collective are employees entitled to the FLSA's protections.

25. Defendant is an employer covered by the FLSA.

26. The FLSA entitles employees to overtime compensation "not less than one and one-half times" their regular pay rate for all hours worked over 40 in a week. *See* 29 U.S.C. § 207(a)(1).

27. Defendant violated the FLSA by failing to pay Plaintiff and other members of the collective any compensation, including overtime premium compensation, for hours worked over 40 per week.

28. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions and, thus, has committed a willful violation of the FLSA.

## COUNT II
### (Alleging Violations of the PMWA)

29. All previous paragraphs are incorporated as though fully set forth herein.

30. Plaintiff and other members of the collective are employees entitled to the PMWA's protections.

31. Defendant is an employer covered by the PMWA.

32. The PMWA entitles employees to overtime compensation "not less than one and one-half times" the employee's regular pay rate for all hours worked over 40 in a week. *See* 43 P.S. § 333.104(c).

33. Defendant violated the PMWA by failing to pay Plaintiff and other members of the collective any compensation, including overtime premium compensation, for hours worked over 40 per week.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and other individuals who join this collective action, seeks the following relief:

A. An order permitting this action to proceed as a collective action;

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential members of the collective informing them of this lawsuit and permitting them to join (or "opt-in" to) this lawsuit;

C. Unpaid wages (including overtime wages) and prejudgment interest to the fullest extent permitted under federal and state law;

D. Liquidated damages to the fullest extent permitted under the FLSA;

E. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under federal and state law; and

F. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial as to all claims so triable.

Date: March 14, 2013

/s/ Peter Winebrake
Peter Winebrake, Esq.
R. Andrew Santillo, Esq.
Mark J. Gottesfeld
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Phone: (215) 884-2491
Fax: (215) 884-2492
pwinebrake@winebrakelaw.com

*Attorneys for Plaintiff*